1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  THOMAS A. HIGHTOWER,          CASE NO. 1:04-CV-6028-OWW-SMS-P

10           Plaintiff,         ORDER DENYING MOTION FOR
          APPOINTMENT OF COUNSEL

11   v.
          (Doc. 11)

12 ARNOLD SCHWARZENEGGER, et al.,

13           Defendants.
                      /

14

15       Plaintiff Thomas A. Hightower ("plaintiff") is a state prisoner proceeding pro se and in forma

16 pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On April 25, 2005, plaintiff filed

17 a motion seeking the appointment of counsel.

18       The Court cannot require an attorney to represent plaintiff. Mallard v. United States District

19 Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  In certain exceptional

20 circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. §

21 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  Without a reasonable method

22 of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious

23 and exceptional cases.  "A finding of exceptional circumstances requires an evaluation of both 'the

24 likelihood of success of the merits and the ability of the [plaintiff] to articulate his claims *pro se* in

25 light of the complexity of the legal issues involved.'" Terrell, 935 F.2d at 1017 (citations omitted).

26       In the present case, the Court does not find the required exceptional circumstances.  Even if

27 it is assumed that plaintiff is not well versed in the law and that he has made serious allegations

28 which, if proved, would entitle him to relief, his case is not exceptional.  The Court is faced with

1   similar cases almost daily.   At this early stage in the proceedings, the Court cannot make a

2   determination that plaintiff is likely to succeed on the merits, and based on a review of the record

3   in this case, the Court does not find that plaintiff cannot adequately articulate his claims.[1]   Terrell,

4   935 F.2d at 1017.

5        For the foregoing reasons, plaintiff's motion for the appointment of counsel, filed April 25,

6   2005, is HEREBY DENIED, without prejudice.

7

8   IT IS SO ORDERED.

9   **Dated:    February 23, 2006**              _____/s/ Sandra M. Snyder_____
    icido3                                      UNITED STATES MAGISTRATE JUDGE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   _____

28        [1] In a separate order issued concurrently with this order, the Court dismissed plaintiff's complaint, with
    leave to amend, for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure.