# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS A. HIGHTOWER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:04-CV-6028-OWW-SMS-P<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO COMPLY WITH RULE 8<br><br>(Doc. 1) |

I.　Screening Order

　　A.　Screening Requirement

Plaintiff Thomas A. Hightower ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 29, 2004.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

B.     Plaintiff's Complaint

1.     Failure to Comply with Rule 8(a)

Plaintiff's complaint is two-hundred twenty-three pages long and names sixty-two defendants, and as such, fails to comply with Federal Rule of Civil Procedure 8(a), which calls for a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47. Plaintiff's complaint is so unnecessarily voluminous so that it is rendered essentially unmanageable. Plaintiff shall be required to file an amended complaint that complies with Rule 8(a).

2.     Improper Venue

In addition to claims against staff at California Substance Abuse Treatment Facility and State Prison in Corcoran, which are properly brought in this division, plaintiff's complaint contains claims against staff at Mule Creek State Prison in Ione, which are not properly brought in this division. In his amended complaint, plaintiff must omit his claims for relief against staff at Mule Creek. See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (court may raise defective venue sua sponte); see also Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991) (courts have broad discretion regarding severance). If plaintiff wishes to pursue those claims, he may file suit in the Sacramento Division of this district. With respect to the claims against staff at CDC headquarters in Sacramento, plaintiff may include those claims in his amended complaint only if they are related and/or intertwined with his claims against staff at SATF. To the extent that the claims against Sacramento staff are (1) independent in that they bear no relation to claims against staff at SATF or Mule Creek or (2) related/intertwined with claims against staff at Mule Creek, plaintiff must raise the claims in an action in the Sacramento Division.

///

///

3. <u>Co-Plaintiffs</u>

In his complaint, plaintiff purports to be pursuing this action on behalf of other inmates, although only plaintiff is listed in the caption of the pleading and only plaintiff signed the complaint. Plaintiff is a non-lawyer proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class. See <u>McShane v. United States</u>, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. <u>Oxendine v. Williams</u>, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class" as required by Fed. R. Civ. P. 23(a)(4). See <u>Martin v. Middendorf</u>, 420 F. Supp. 779 (D.D.C. 1976). This action will not be construed as a class action and instead will be construed as an individual civil suit brought by plaintiff. Therefore, in his amended complaint, plaintiff shall omit the claims made on behalf of other inmates.

4. <u>Applicable Legal Standards</u>

In the paragraphs that follow, the Court will provide plaintiff with the legal standards that appear to apply to his claims. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

a. <u>Eighth Amendment Medical Care</u>

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting <u>Hallett v. Morgan</u>, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." <u>McGuckin v. Smith</u>, 974 F.2d

3

1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs.  McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard."  Toguchi, 391 F.3d at 1060.  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim."  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health."  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

      b.     Americans with Disabilities Act

Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability."  Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity."  42 U.S.C. § 12132.  Title II of the ADA applies to inmates within state prisons.  Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996).  "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation

///

in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052.

In Roundtree v. Adams CV-F-01-6502-OWW-SMS-P, the Honorable Oliver W. Wanger found that individual liability is precluded under Title II of the ADA. (Roundtree, Court Doc. 117.) In the opinion, Judge Wanger stated

> The ADA defines "public entity" in relevant part as "any State or local government" or "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1)(A)-(B) . . . . "Title II of the ADA prohibits discrimination in programs of a public entity or discrimination by any such entity." *Thomas v. Nakatani*, 128 F.Supp.2d 684, 691 (D. Haw. 2000). The term "public entity," "as it is defined within the statute, does not include individuals." *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999); *see also* 42 U.S.C. § 12131(1). "In suits under Title II of the ADA . . . the proper defendant usually is an organization rather than a natural person. . . . Thus, as a rule, there is no personal liability under Title II." *Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000); *accord Miller v. King*, 384 F.3d 1248, 1276-77 (11th Cir. 2004) . . . . Individual liability is precluded under ADA Title II.

(Doc. 117, 16:18-17:6.) Accordingly, plaintiff may not pursue any ADA claims against individuals. Further, plaintiff is cautioned that the treatment, or lack of treatment, concerning plaintiff's medical condition does not provide a basis upon which to impose liability under the ADA. Burger v. Bloomberg, 418 F.3d 882, 882 (8th Cir. 2005) (medical treatment decisions not a basis for RA or ADA claims); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (Medical decisions not ordinarily within scope of ADA or RA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.").

        c.    Due Process

            1)    Procedural

The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court abandoned earlier case law which had held that states created protectable liberty interests by way of mandatory language in prison regulations. Id. at 481-84. Instead, the Court adopted an approach in which the existence of a liberty interest is determined by focusing on the

nature of the deprivation. Id. In doing so, the Court held that liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

### 2) Substantive

"To establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), *cert. denied*, 117 S. Ct. 1845 (1997); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998). Thus, with respect to plaintiff's medical care claims for example, the Eighth Amendment "provides [the] explicit textual source of constitutional protection . . . ," Patel, 103 F.3d at 874, and plaintiff may not pursue claims for violation of both the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment.

### 3) Inmate Appeals Process

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

///

///

        d.       Failure to Train/Supervisory Liability

In City of Canton, Ohio v. Harris, 489 U.S. 378 (1989), the Supreme Court held that, under certain circumstances, a municipality may be held liable based on the failure to train its employees. The Court finds no authority for the extension of City of Canton and its progeny to state prison officials being sued in their personal capacities. Rather, it appears that the cases involving failure to train are limited to suits against city and county entities. Plaintiff may be able to state claims under a theory of supervisory liability, however.

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

        e.       Denial of Access to the Courts

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. The State is not required to enable the inmate to discover grievances or to litigate effectively once in court. Id.

Inmates do not have the right to a law library or legal assistance. Id. at 351. Law libraries and legal assistance programs are only the means of ensuring access to the courts. Id. Because

inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id. Rather, an inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury. Id.

### f. Retaliation

An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

### g. Free Exercise

The First Amendment to the United States Constitution provides that Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof. U.S. Const., amend. I. The United States Supreme Court has held that prisoners retain their First Amendment rights, including the right to free exercise of religion. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). The Court has also recognized that limitations on a prisoner's free exercise rights arise from both the fact of incarceration and from valid penological objectives. Id.; McElyea v. Babbit, 833 F. 2d 196, 197 (9th Cir. 1987). "In order to establish a free exercise violation, [plaintiff] must show the defendants burdened the practice of his religion by preventing him from engaging in conduct mandated by his faith." Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir. 1997).

### h. RLUIPA[1]

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution. . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition

---

[1] The Religious Freedom Restoration Act (RFRA), cited to by plaintiff, was held unconstitutional and is no longer a valid law. City of Boerne v. P.F. Flores, 521 U.S. 507 (1997).

     of the burden on that person–
(1) is in furtherance of a compelling government interest; and
(2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1.

                             i.     Conspiracy

In the context of conspiracy claims brought pursuant to section 1983, such a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).

     C.     Conclusion

Plaintiff's complaint shall be dismissed for failure to comply with Rule 8(a). The Court will provide plaintiff with the opportunity to file an amended complaint that cures the deficiencies identified by the Court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

///

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to comply with Rule 8(a);

2. The Clerk's Office shall send plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint that complies with the directives in this order; and

4. If plaintiff fails to file an amended complaint within thirty days, this action will be dismissed, without prejudice, for failure to comply with Rule 8(a) and failure to obey a court order.

IT IS SO ORDERED.

**Dated:   February 23, 2006**            **/s/ Sandra M. Snyder**
icido3                                             UNITED STATES MAGISTRATE JUDGE