# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS A. HIGHTOWER, | CASE NO. 1:04-CV-6028-OWW-SMS-P |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF AND REQUIRING PLAINTIFF TO COMPLY WITH COURT'S ORDER OF MARCH 30, 2006, WITHIN THIRTY DAYS |
| v. | |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | (Docs. 17 and 19) |

Plaintiff Thomas A. Hightower ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On April 18, 2006, plaintiff filed a motion seeking a court order mandating the release of his legal property. In accordance with the Court's standard practice, the motion is construed as one seeking a preliminary injunction.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted). The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of

1

irreparable injury." <u>Id</u>. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." <u>Id</u>. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." <u>Id</u>.

A federal court is a court of limited jurisdiction. Because of this limited jurisdiction, as a threshold and preliminary matter the Court must have before it for consideration a "case" or "controversy." <u>Flast v. Cohen</u>, 392 U.S. 83, 88 (1968). If the court does not have a "case" or "controversy" before it, it has no power to hear the matter in question. <u>Rivera v. Freeman</u>, 469 F. 2d 1159, 1162-63 (9th Cir. 1972). At this juncture, plaintiff has not stated any cognizable claims for relief in this action. Plaintiff's complaint was dismissed and plaintiff was ordered to file an amended complaint. Thus, at this time, plaintiff is not entitled to any type of preliminary injunction as the Court lacks jurisdiction to issue any such orders.

Accordingly, it is HEREBY ORDERED that plaintiff's motion for preliminary injunctive relief, filed April 18, 2006, is DENIED, and plaintiff has **thirty (30) days** from the date of service of this order to file an amended complaint in compliance with the Court's order of March 30, 2006.


IT IS SO ORDERED.

**Dated:    May 24, 2006    **         **    /s/ Oliver W. Wanger    **
emm0d6                            UNITED STATES DISTRICT JUDGE