| | |
|---|---|
| IN THE UNITED STATES DISTRICT COURT FOR THE | |
| EASTERN DISTRICT OF CALIFORNIA | |
| THOMAS A. HIGHTOWER,<br><br>    Plaintiff,<br><br>    vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants.<br>_____/ | 1:04-cv-06028-OWW-SMS (PC)<br><br>ORDER STRIKING OPPOSITION TO DEFENDANT FIGUEROA'S MOTION TO DISMISS AND CROSS-MOTION FOR SUMMARY JUDGMENT FROM RECORD, AND REQUIRING PLAINTIFF TO FILE OPPOSITION WITHIN FORTY-FIVE DAYS<br><br>(Docs. 98 and 99)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL, AND GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO DEFENDANTS' MOTION TO DISMISS<br><br>(Doc. 100) |

**Order**

Plaintiff Thomas A. Hightower, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. On October 27, 2008, Defendant Figueroa filed a motion to dismiss for failure to exhaust, and on November 25, 2008, Defendants Schwarzenegger, Alameida, Grannis, Diaz, Rianda, Cotes, Santa Cruz, Nguyen, Wu, McCant, Bhatt, Adams, Tilton, Zimmerman, Bolland, Ward, Duvall, Appelbaum, Allison, Arline, and Yates filed a motion to dismiss for failure to exhaust. Fed. R. Civ. P. 12. On March 26, 2009, Defendant

Sanchez filed a notice of joinder in the November 25 motion to dismiss, and on April 9, 2009, Defendant Overly filed a motion to dismiss for failure to exhaust.

On April 27, 2009, Plaintiff filed an opposition to Defendant Figueroa's motion to dismiss and a cross-motion for summary judgment, and on April 28, 2009, Plaintiff filed a motion seeking the appointment of counsel and one final forty-five day extension of time to file a response to Defendants Schwarzenegger, Alameida, Grannis, Diaz, Rianda, Cotes, Santa Cruz, Nguyen, Wu, McCant, Bhatt, Adams, Tilton, Zimmerman, Bolland, Ward, Duvall, Appelbaum, Allison, Arline, Yates, and Sanchez's motion to dismiss.

## I. Appointment of Counsel

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id. Therefore, Plaintiff's motion is denied.

///

## II. Combined Opposition and Cross-Motion for Summary Judgment

Plaintiff may not combine an opposition to a motion to dismiss for failure to exhaust with a motion for summary judgment.[1] It is both procedurally improper and unduly burdensome on the Court and Defendant Figueroa. The Court will not consider the filing and it shall be stricken from the record. If Plaintiff wishes to file a motion for summary judgment, he is entitled to do so but it must be a separately noticed motion.

Plaintiff has forty-five days to file an opposition to Defendant Figueroa's motion to dismiss to exhaust. The opposition must be limited to addressing the issues raised by Defendant Figueroa in his motion to dismiss.

## III. Extension of Time

Plaintiff seeks one final forty-five day extension of time to respond to the motion to dismiss filed on November 25, 2008. Plaintiff's motion shall be granted. In light of the above, Plaintiff is cautioned that his response must be limited to addressing the pending motion to dismiss.

## IV. Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel, filed April 28, 2009, is DENIED;
2. Plaintiff's opposition and cross-motion for summary judgment, filed April 27, 2009, is STRICKEN from the record (court documents 98 and 99);
3. Within **forty-five (45) days** from the date of service of this order, Plaintiff shall file an opposition to Defendant Figueroa's motion to dismiss; and

///
///
///
///
///

---

[1] Defendant Figueroa did not file a motion for a summary judgment. Therefore, Plaintiff's reference to his motion as a cross motion is misplaced.

4. Plaintiff's motion for a **forty-five (45) day** extension of time to file an opposition to Defendants Schwarzenegger, Alameida, Grannis, Diaz, Rianda, Cotes, Santa Cruz, Nguyen, Wu, McCant, Bhatt, Adams, Tilton, Zimmerman, Bolland, Ward, Duvall, Appelbaum, Allison, Arline, Yates, and Sanchez's motion to dismiss, filed April 28, 2009, is GRANTED.

IT IS SO ORDERED.

**Dated: May 4, 2009**              **/s/ Sandra M. Snyder**
                                     UNITED STATES MAGISTRATE JUDGE