# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS A. HIGHTOWER,<br><br>    Plaintiff,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | CASE NO. 1:04-cv-06028-OWW-SMS PC<br><br>ORDER DENYING MOTION FOR ORDER PROHIBITING RETALIATION<br><br>(Doc. 100) |

Plaintiff Thomas A. Hightower a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On April 28, 2009, Plaintiff filed a motion seeking an order prohibiting prison employees from retaliating against him.[1] Pursuant to the Court's general practice, the motion is treated as one seeking a preliminary injunction.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the

---

[1] Plaintiff's other requests, made in the same motion, were addressed and resolved by the Magistrate Judge.

plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the Court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "A federal court may issue an injunction *if* it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not* attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

In this instance, Plaintiff's claims against the defendants arise from past incidents of alleged misconduct which occurred at the California Substance Abuse Treatment Facility in Corcoran, California. The Court does not have jurisdiction in this action to issue the order sought by Plaintiff, as the case or controversy requirement cannot be met in light of the fact that the issue Plaintiff seeks to remedy in his motion involves his current conditions of confinement at High Desert State Prison and bears no relation, from a jurisdictional standpoint, to the events giving rise to this suit.

For the reasons set forth herein, Plaintiff's motion, filed April 28, 2009, is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:   May 6, 2009**             /s/ Oliver W. Wanger
                                     UNITED STATES DISTRICT JUDGE