# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS A. HIGHTOWER,<br><br>    Plaintiff,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:04-cv-06028-OWW-SMS PC<br><br>FINDINGS AND RECOMMENDATION CONSTRUING MOTION FOR COURT ORDER DIRECTING ACCESS TO THE LAW LIBRARY AS A MOTION FOR PRELIMINARY INJUNCTION AND RECOMMENDING DENIAL OF PRELIMINARY INJUNCTION<br>(Doc. 104)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Thomas A. Hightower ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. Plaintiff filed this action on July 29, 2004. On June 2, 2009, Plaintiff filed a "Motion for Court Order Directing Prison Law Library to Place Plaintiff on the Priority Law User List [PLU] Until the Close of this Case" (Doc. 104) which the Court interprets as a motion for preliminary and/or permanent injunctive relief. Plaintiff seeks an order securing his access to the Law Library as a priority user through the course of this action.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable

harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "A federal court may issue an injunction *if* it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not* attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

This action is proceeding on Plaintiff's Second Amended Complaint. The allegations Plaintiff makes therein occurred while Plaintiff was incarcerated at California Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California. Plaintiff is no longer housed at SATF, but rather is housed at Mule Creek State Prison ("MCSP") in Ione, California. This case is not proceeding on any claims arising during Plaintiff's incarceration and/or against any prison personnel at MCSP. There are no defendants from MCSP before the Court in this action. Thus, the Court lacks jurisdiction to direct that Plaintiff be given priority user status of the law library at MCSP.

Based on the foregoing, the court HEREBY RECOMMENDS that Plaintiff's motion for preliminary and permanent injunctive relief, as stated in his motion filed June 2, 2009, be DENIED without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate

Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    June 23, 2009**               <u>          /s/ Sandra M. Snyder          </u>
                                         UNITED STATES MAGISTRATE JUDGE