# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS HIGHTOWER, | CASE NO. 1:04-cv-06028-OWW-SMS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS CLAIM AGAINST |
| v. | DEFENDANT FIGUEROA |
| ARNOLD SCHWARZENEGGER, et. al., | (Doc. 69) |
| Defendants. | OBJECTIONS DUE IN THIRTY (30) DAYS |

## I. FINDINGS

### A. Procedural History

Plaintiff, Thomas Hightower, ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is based on Plaintiff's Second Amended Complaint, filed August 13, 2007. (Doc. 31.) Plaintiff proceeds against Defendant Figueroa solely for unconstitutional retaliation. (Doc. 32.) On October 27, 2008, Defendant Figueroa filed an un-enumerated motion to dismiss under Federal Rule of Civil Procedure 12(b) for Plaintiff's failure to exhaust administrative remedies. (Doc. 69.) The parties filed documents in opposition and reply.[1] (Docs. 105, 106.) The motion is deemed submitted. Local Rule 78-230(m).

### B. Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

---

[1] Plaintiff was provided with notice of the requirements for opposing an un-enumerated Rule 12(b) motion on July 24, 2008. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 42.)

1

respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 210-11 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Id. at 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15, § 3084.5.

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. 127, 215-16; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust a non-judicial administrative remedy that is not jurisdictional is subject to an un-enumerated Rule 12(b) motion, rather than a summary judgment motion.[2] Wyatt, 315 F.3d at 1119 (*citing* Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (*per curium*)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to

---

[2] In his opposition, Plaintiff frequently utilizes nomenclature associated with a summary judgment motion. However, the Court previously prohibited Plaintiff from filing an opposition to a motion to dismiss and a motion for summary judgment in the same document. (Doc. 102.) Plaintiff is prohibited from doing so at this time as well. However, rather than strike Plaintiff's opposing documents once again, the Court construes Plaintiff's opposing documents solely as an opposition to the current motion to dismiss. Any motion for summary judgment, must be made via separate filing.

exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

**C.  Evidentiary Disputes**

Defendant Figueroa objected to most of the exhibits Plaintiff filed in support of his opposition. (Doc. 105 1:22-2:5.)

This Court carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, objections, and other papers filed by the parties. Omission of reference to an argument, document, paper, or objection is not be construed to the effect that this Court did not consider the argument, document, paper, or objection. This Court thoroughly reviewed and considered the evidence it deemed admissible, material and appropriate for an un-enumerated motion to dismiss.

**D.  Discussion**

The events at issue in Plaintiff's Second Amended Complaint occurred at California Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California.

The only cognizable claim against Defendant Figueroa, upon which Plaintiff proceeds, is for allowing another inmate to read Plaintiff's legal papers against Figueroa; directing another inmate to threaten Plaintiff that the other inmate would make life hard on Plaintiff's family in Old Broderick (part of West Sacramento where Plaintiff and the other inmate are from) unless Plaintiff ceased pursuing legal action regarding the conditions at the facility; and causing verbal abuse and threats of violence against Plaintiff from Hispanic inmates who sided with Figueroa based on ethnic origin – all in retaliation for Plaintiff having filed a notice of enemy concerns/staff misconduct complaint against Figueroa. (Doc. 32, 7-8.) Defendant Figueroa now moves for dismissal on the ground that Plaintiff failed to exhaust administrative remedies as to this claim against Defendant Figueroa. (Doc. 69.)

A chronology of the inmate appeals process and document nomenclature facilitates analysis.

| Date | Action |
|---|---|
| November 30, 2002 | Plaintiff's Written Appeal for Informal Review (Doc. 107, 6.) |
| December 18, 2002 | Informal Level Response (Id. at 8.) |

| | | |
|---|---|---|
| December 29, 2002 | Plaintiff's Written Appeal for First Formal Level Review (Id. at 6, 9.) | |
| March 6, 2003 | Verbal Interview with Zimmerman (Id. at 5, 10, 11.) | |
| March 10, 2003 | First Formal Level Response (Id. at 10, 11.) | |
| March 23, 2003 | Plaintiff's Written Appeal for Second Formal Level Review (Id. at 5, 12.) | |
| April 25, 2003 | Second Formal Level Response (Id. at 13-15.) | |
| May 7, 2003 | Plaintiff's Written Appeal for Third Formal Level Review (Id. at 16-18.) | |
| June 25, 2003 | Director's Level Decision (Id. at 19-20.) | |

The Court rejects Defendant's apparent reliance on the premise that exhaustion requires pursuit of an appeal through the Director's Level of review. The governing regulations impose no such requirement, and it is not the law of this Circuit that a Director's Level response is always required to satisfy section 1997e(a). Brown v. Valoff, 422 F.3d 926, 935-36 (9th Cir. 2005). However, there is other basis upon which the Court finds Plaintiff did not exhaust his administrative remedies before filing the claim upon which he is proceeding against Defendant Figueroa.

The appeals process does not require that inmates draft their grievances with the precision of an attorney. Nonetheless, an inmate appeal/grievance is insufficient unless "'it alerts the prison to the nature of the wrong for which redress is sought.'" Griffin v. Arpaio 557 F.3d 1117, 1120 (9th Cir. 2009) *citing* Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002). "The primary purpose of a grievance is to notify the prison of a problem and facilitate its resolution . . . ." Id. *ref* Johnson v. Johnson, 385 F.3d 503, 522 (5th Cir. 2004) *cited with approval in* Jones v. Bock, 549 U.S. 199, 219 (2007). A prisoner's grievance/appeal must "provide enough information . . . to allow prison officials to take appropriate responsive measures." Johnson v. Testman, 380 F.3d 691, 697 (2nd Cir. 2004). Thus, if an inmate is going to file suit on the basis of wrongdoing by a prison official, that inmate must have filed a grievance/appeal so as to have placed prison officials on notice as to the basis of the alleged wrongdoing. The failure to do so deprives

officials of opportunity to review and take action on the alleged wrongdoing.

In this case, when Plaintiff filled out the 602 forms that he argues show exhaustion, Plaintiff did not allege retaliatory actions by Defendant Figueroa, rather he alleged inadequacies of the "E-Facility Law Library" and that Defendant Figueroa was not properly performing the duties of his position as librarian. (Doc. 107, 5, 6, 9, 12.) Plaintiff argues that he told Zimmerman, in his interview on March 6, 2003, of Defendant Figueroa's retaliatory actions. (Doc. 106, 12, ¶ 7.) However, the ruling subsequent to that interview did not mention any allegations of retaliation against Defendant Figueroa, and Plaintiff neither raised this issue, nor the absence of a ruling on it, in his written request for review at the next level. (Doc. 107, 5, 10-12.) In his response at the "Second Level Review," Plaintiff wrote that another defendant, Zimmerman, retaliated against Plaintiff by denying him priority status, but that his allegations against Zimmerman would "be a separate tort claim." (Id. at 12.) Such allegations against Zimmerman are neither cognizable, nor sufficient to have put prison officials on notice of Plaintiff's claim that Defendant Figueroa retaliated against him. Plaintiff argues that the Second Level Review Response acknowledges that he complained of retaliation by Defendant Figueroa at the interview on appeal. (Doc. 106, 14:11-14.) However, the Second Level Response merely quotes a section of the CDC Operations Manual which prohibits discipline and/or punishment for a prisoner's litigious activities without any reference to Defendant Figueroa, such that the Court finds it to have been a response to Plaintiff's uncognizable allegations of retaliation by Zimmerman in Plaintiff's Written Appeal for Second Formal Level Review. (Doc. 107, 12.)

The only evidence of Plaintiff complaining that Defendant Figueroa was retaliating against him is found in one sentence buried in the middle of Plaintiff's three page response at the Director's Level Review wherein Plaintiff wrote that Defendant Figueroa retaliated against him by telling other inmates that Plaintiff had lodged personal complaints in that grievance which caused Plaintiff to be subjected to verbal abuse by other Hispanic inmates who did not care "about the general population's law library needs." (Id. at 16.) The obvious gist of Plaintiff's appeal addressed the inadequacies of the law library and Defendant Figueroa's deficient job performance and the negative effect thereof on prisoners' filings and access to the courts. One

5

such sentence is factually insufficient to have put prison officials on notice that Plaintiff intended to pursue a claim that Defendant Figueroa retaliated against Plaintiff by allowing another inmate to read Plaintiff's legal papers against Defendant Figueroa; directing another inmate to threaten Plaintiff that the other inmate would make life hard on Plaintiff's family unless Plaintiff ceased pursuing legal action regarding the conditions at the facility; and causing verbal abuse and threats of violence against Plaintiff from Hispanic inmates who sided with Defendant Figueroa. Plaintiff's one sentence in his response at the final level of review failed to both "notify the prison of a problem [to] facilitate its resolution . . . ," Griffin v. Arpaio 557 F.3d at 1120 *ref* Johnson, 385 F.3d at 522 *cited with approval in* Jones, 549 U.S. at 219, and "provide enough information . . . to allow prison officials to take appropriate responsive measures." Johnson 380 F.3d at 697.

      Plaintiff appears to argue that he was excused from writing a more detailed explanation of his allegations against Defendant Figueroa since he told his allegations of Defendant Figueroa's retaliatory actions to the grievance interviewers Duvall and Zimmerman. (Doc. 106, 15:1-5.) Plaintiff also argues that since Defendant "Figueroa carefully read every word of documents copied such as administrative appeals, it was difficult to state details in a 602." (Doc. 106, 14-15, ¶ 10.) It appears that Plaintiff intends this to show that he felt unable to write his allegations against Defendant Figueroa in his 602 appeals, and thus was prevented from including more detail in his appeals so as to have been unable to exhaust this issue, because Defendant Figueroa had already caused him to be threatened. Although the Ninth Circuit has not yet decided the issue, Ngo v. Woodford, 539 F.3d 1108, 1110 (9th Cir. 2008) (it is unclear if any exceptions to exhaustion apply), other Circuit Courts have addressed the issue and held that exhaustion occurs when prison officials prevent exhaustion from occurring through misconduct or fail to respond to a grievance within the policy time limits, *e.g.*, Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) ("[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it."); Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007) (Courts are "obligated to ensure any defects in exhaustion were not procured from the action of inaction of prison officials."); Kaba v. Stepp,

458 F.3d 678, 684 (7th Cir. 2006) ("Prison officials may not take unfair advantage of the exhaustion requirement, [] and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." (*quoting* Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006))); Abney v. McGinnis, 380 F.3d 663, 667 (2nd Cir. 2004) (inability to utilize inmate appeals process due to prison officials' conduct or the failure of prison officials to timely advance appeal may justify failure to exhaust); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (recognizing that a remedy prison officials prevent a prisoner from utilizing is not an available remedy); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy prison officials prevent a prisoner from utilizing is not an available remedy).

However, while the Ninth Circuit has also not addressed what constitutes whether a prison grievance is "unavailable," the Second Circuit has formulated an objective test to address whether "a similarly situated individual of ordinary firmness would have deemed the grievance procedures to be available." Hemphill v. New York, 380 F.3d 680, 688 (2d Cir. 2004). It offered the following explanation:

> [I]t should be pointed out that threats or other intimidation by prison officials may well deter a prisoner of "ordinary firmness" from filing an internal grievance, but not from appealing directly to individuals in positions of greater authority within the prison system, or to external structures of authority such as state or federal courts. This may be so, if for no other reason, because seeking a criminal investigation or filing a civil rights complaint may enable an inmate to draw outside attention to his complaints, thereby neutralizing threatened retaliatory conduct from prison employees.

Id.

Thus, Plaintiff's alleged fear of Defendant Figueroa reading his appeals based on Defendant Figueroa's alleged threats and intimidations does not create a valid exception to the exhaustion requirement.

The Court also finds Plaintiff's argument that he did not clearly explain his allegations against Defendant Figueroa in his written inmate appeals because Defendant Figueroa would read them when they were copied (Doc. 106, 14:24-15:5) to be disingenuous. The Court is unaware of any authority, and Plaintiff provides none, to show that CDCR procedures required inmates filing

7

appeals/grievances to copy them and that the only means for an inmate to make copies of documents was through the law library. Further, if Plaintiff was required to copy his inmate appeals, and if the law library was the only available means for him to do so, and if Defendant Figueroa's reading of a written appeal when it was copied was a concern, Plaintiff could have utilized the carbon copying process that he used when writing his letter entitled "Notice of Enemy Concerns/Employee Misconduct Complaint."[3] (Doc. 107, 24-25 and Doc. 106, 17:25.) Accordingly, Plaintiff's argument that he did not want to write his allegations against Defendant Figueroa in a 602 appeal that Defendant Figueroa would apparently read when copied is not a valid excuse for Plaintiff not to have delineated his allegations of retaliation by Defendant Figueroa in his inmate grievances/appeals.

Plaintiff argues further that the employee misconduct complaint he filed regarding Defendant Figueroa, which initiated a comprehensive investigation by Internal Affairs, and a citizens' complaint filed by another inmate, constituted administrative exhaustion. (Doc. 106, 18:6-16.) However, prior to filing suit in federal court, a prisoner must exhaust remedies through the offending prison's administrative grievance process. Booth v. Churner, 532 U.S. 731, 741 (2001). "Compliance with prison grievance procedures . . . is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones 549 U.S. at 218. Neither an employee misconduct complaint, nor an Internal Affairs investigation are part of the administrative grievance process applicable to Plaintiff's claims against Defendant Figueroa. Thus, they do not suffice to show exhaustion of the administrative grievance process as to Plaintiff's allegations of retaliation by Defendant Figueroa.

Accordingly, Plaintiff did not satisfy section 1997e(a) with respect to Plaintiff's retaliation

---

[3] The Court notes that, even in his "Notice of Enemy Concerns/Employee Misconduct Complaint" while Plaintiff notes the threats by another inmate, Plaintiff does not indicate that those threats were made at Defendant Figueroa's behest. Plaintiff's only complaints which related to Defendant Figueroa therein were as to his becoming overly familiar with Hispanic inmates, allowing Hispanic inmates to read other inmates' appeals, and showing favoritism towards Hispanic inmates.

8

claim against Defendant Figueroa such that Defendant Figueroa is entitled to dismissal of the claim.

## II. RECOMMENDATION

The Court finds that Plaintiff failed to appropriately exhaust his administrative remedies regarding his retaliation claim against Defendant Figueroa.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant Figueroa's un-enumerated 12b Motion to Dismiss for failure to exhaust, filed October 27, 2008, be GRANTED; and

2. Plaintiff's claim against Defendant Figueroa be dismissed, pursuant to 42 U.S.C. sect 1997e(a) without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: July 10, 2009**          /s/ Sandra M. Snyder
UNITED STATES MAGISTRATE JUDGE