# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS HIGHTOWER, | CASE NO. 1:04-cv-06028-OWW-SMS (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUEST FOR PERMISSION TO APPEAL |
| v. | |
| ARNOLD SCHWARZENEGGER, et. al., | (Doc. 126) |
| Defendants. | |

## I.  Procedural Background

Plaintiff, Thomas Hightower ("Plaintiff"), a state prisoner, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.

On April 27, 2009, Defendant Figueroa filed an unenumerated motion to dismiss for failure to exhaust administrative remedies under Rule 12(b) of the Federal Rules of Civil Procedure ("Rule 12(b)"). (Doc. 97.) On July 10, 2009, the Magistrate Judge issued Findings and Recommendations to grant the motion. (Doc. 116.) The Findings and Recommendations were adopted in full by the District Judge by order issued August 31, 2009, and the federal claim against Defendant Figueroa was dismissed without prejudice for Plaintiff's failure to exhaust administrative remedies. (Doc. 121.) On September 15, 2009, Plaintiff filed a petition for "Permission to Appeal This Court's Order Adopting Magistrate's Findings on August 29, 2009 [Doc. 121] Dismissing Claims Against Defendant Figueroa Under FRAP Rule 5.1; 28 USC §§ 636, 1292(b)." (Doc. 126.)  Defendant Figueroa has not filed an opposition.  The matter is

1

deemed submitted.

This Court construes and analyzes Plaintiff's Petition for Permission to Appeal this Court's Order Adopting Magistrate's Findings on August 29, 2009 (Doc. 126) as both a request for certification of an interlocutory appeal and for entry of judgment.

**II.    Interlocutory Appeal**

**A.      Legal Standards**

When an issue is unresolved and interlocutory resolution could materially advance the termination of the litigation, 28 U.S.C. § 1292(b) ("section 1292(b)") permits the district court judge to certify the question:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order ...

"Section 1292(b) provides for interlocutory appeals from otherwise not immediately appealable orders, if conditions specified in the section are met, the district court so certifies, and the court of appeals exercises its discretion to take up the request for review." Caterpillar Inc. v. Lewis, 519 U.S. 61, 74, n.10 (1996). Section 1292(b) requires a two step application process. Step one is before the district court for certification of the order – which is discretionary. S. Repr. 2434, 85th Cong., 2d Sess., 1958, in 1958 U.S. Code Cong. & Admin. News 5255, 5257. Indeed, permissive interlocutory appeal is not available absent written certification by the district court. Credit Suisse v. U.S. District Ct., 130 F.3d 1342, 1346 (9th Cir. 1997). Step two is before the court of appeals for permission to appeal. "[A] party must obtain certification from *both* the district court *and* the court of appeals to bring an interlocutory appeal." City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001). Thus, this Court has the authority to entertain the petition for certification of an order for interlocutory order, because certification by the district court is the first step in section 1292(b) procedure.

A district court may amend its order to add findings for an interlocutory appeal. Rule 5 of the Federal Rules of Appellate Procedure governs appeals by permission under section 1292(b):

(a) Petition for Permission to Appeal

>           . . .
>
>           (3) If a party cannot petition for appeal unless the district court first
>           enters an order granting permission to do so or stating that the necessary
>           conditions are met, the district court may amend its order, either on its
>           own or in response to a party's motion, to include the required
>           permission or statement.

If a district court determines to certify an order for interlocutory appeal because it involves a controlling question of law, after the order is initially entered, the proper procedure is to amend the order to contain the required certification. Haas v. Pittsburgh Nat. Bank, 627 F.2d 677, 679 n.1 (3d Cir. 1980). A certification order that is not directly framed as an amendment of the original order may nonetheless be treated as an amendment. Id.

### 1. Section 1292(b) Requirements

Section 1292(b) imposes three criteria that must be met before a district court may certify an interlocutory appeal: the order must state "(1) that there is a controlling question of law; (2) that there is substantial grounds for difference of opinion; and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." In re Cement Antitrust Litig. (MDL No. 296), 673 F.2d 1020, 1026 (9th Cir.1982), *aff'd*, 459 U.S. 1190 (1983); 28 U.S.C. § 1292(b).

"Section 1292(b) is meant to be used sparingly, and appeals under it are, accordingly, hen's-teeth rare." Camacho v. Puerto Rico Ports Authority, 369 F.3d 570, 573 (1st Cir. 2004). "Because permitting piecemeal appeals is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy." McFarlin v. Conesco Services, LLC, 381 F.3d 1251, 1259 (11th Cir. 2004). "Congress did not intend 28 U.S.C. § 1292(b) to serve an error-correction function." Weber v. U.S. Trustee, 484 F.3d 154, 159, n.3 (2nd Cir. 2007). Only "exceptional circumstances justify departure from the basic policy of postponing appellate review until after the entry of a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978).

Though not stated as such, the practical application of the permission to appeal sought by Plaintiff requests that this Court amend its order granting Defendant Figueroa's motion to dismiss for failure to exhaust administrative remedies to permit him to pursue an appeal pursuant to section 1292(b). This Court next turns to the criteria for a section 1292(b) appeal of its order

3

dismissing Plaintiff's claim against Defendant Figueroa.

**B.    Analysis**

**1. Controlling Question Of Law**

An issue is "controlling" if its resolution could materially affect the outcome of the litigation. In re Cement Antitrust Litig. (MDL No. 296), 673 F.2d at 1026 (trial judge's recusal is a collateral issue). Section 1292(b) appeals should be reserved for "situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts," and requires that "resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten trial." McFarlin, 381 F.3d at 1259. "The antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact, or whether the district court properly applied settled law to the facts . . . ." Id. "The legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law." Id.

Plaintiff delineates five areas of inquiry on which he seeks appellate review, to wit:

(1)    whether the California Department of Corrections and Rehabilitation ("CDCR") inmate appeals system is constitutional;

(2)    whether an Employee Misconduct Complaint and resultant Internal Affairs investigation establishes exhaustion of administrative remedies;

(3)    whether there are any circumstances when an administrative remedy is unavailable[1] in this Circuit;

(4)    whether the phrase "dismissed without prejudice" is an oxymoron in cases where a prisoner has failed to exhaust his or her administrative remedies on a claim since there is a fifteen day time limit on filing inmate appeals in the CDCR; and

(5)    whether a remedy exists for an inmate who only identifies a claimed constitutional violation verbally to an inmate appeals interviewer, which is not subsequently

---

[1] Plaintiff's question as phrased uses the word "available" rather than "unavailable," but he clearly seeks a ruling from the Ninth Circuit to delineate circumstances that will equate to an inmate appeals process being "unavailable" so as to defeat an unenumerated motion to dismiss for failure to exhaust administrative remedies.

4

acknowledged and addressed in the inmate appeals process.

All of these questions would require the reviewing court to delve into the evidence and facts of this case such that they are not proper for a section 1292(b) appeal.

Plaintiff also argues that this Court should certify his appeal as his claims against Defendant Figueroa were dismissed "on grounds, not of failure to exhaust, but failure to sufficiently put defendant on notice of the retaliation claims." (Doc. 126, Pet to Cert. Appl.,¶ 4.) Plaintiff apparently does not understand that exhaustion of administrative remedies does not occur if an inmate's prison grievance does not sufficiently put prison officials on notice of the problem for which he seeks redress. Plaintiff's request for appeal certification on this basis must be denied as: prisoners are required to exhaust all available administrative remedies prior to filing suit, Jones v. Bock, 549 U.S. 199, 201-11 (2007); an inmate appeal/grievance is insufficient unless "'it alerts the prison to the nature of the wrong for which redress is sought,'" Griffin v. Arpaio 557 F.3d 1117, 1120 (9th Cir. 2009) *citing* Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002); "[t]he primary purpose of a grievance is to notify the prison of a problem and facilitate its resolution . . . ," Id. *ref* Johnson v. Johnson, 385 F.3d 503, 522 (5th Cir. 2004) *cited with approval in* Jones, 549 U.S. at 219; and a prisoner's grievance/appeal must "provide enough information . . . to allow prison officials to take appropriate responsive measures," Johnson v. Testman, 380 F.3d 691, 697 (2nd Cir. 2004).

Further, Plaintiff appears to seek a review of this Court's application of the law on exhaustion of administrative remedies to the facts of this case to discern whether the content of his inmate appeals were sufficient to have exhausted his administrative remedies – which would require extensive review of the evidence and/or facts underlying the order Plaintiff seeks review of which is the "antithesis of a proper § 1292(b) appeal." McFarlin, 381 F.3d at 1259.

Plaintiff has not shown that the order on which he seeks review involves a controlling question of law so as to justify certification by this Court for appeal under section 1292(b).

**2. Difference Of Opinion**

"In determining whether to grant review, we should ask if there is substantial dispute

about the correctness of any of the pure law premises the district court actually applied in its reasoning leading to the order sought to be appealed." McFarlin, 381 F.3d at 1259. When an appellate court is in "complete and unequivocal" agreement with a district court, there is no "substantial ground for difference of opinion." McFarlin, 381 F.3d at 1258.

Plaintiff does not show a difference of opinion as to any of the issues he challenges. Rather, he urges review to identify circumstances under which an inmate appeals process would qualify as "unavailable" – since there are no decisions directly on point in this Circuit – and argues that this and the other questions he presents "need resolution in this Circuit." (Doc. 126, Pet to Cert. Appl., pp. 6-7.) Yet, "substantial ground for difference of opinion does not exist merely because there is a dearth of cases." White v. Nix, 43 F.3d 374, 378 (8th Cir.1994). Further, "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate substantial ground for difference of opinion." In re Flor, 79 F.3d 281, 284 (2nd Cir.1996).

A district court has a duty "to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute." Max Daetwyler Corp. v. Meyer, 575 F.Supp. 280, 283 (E.D. Pa.1983). This Court analyzed the strength of Plaintiff's arguments to deny dismissal of his claim against Defendant Figueroa at the time of issuing the Order Adopting the Findings and Recommendations. Substantial ground for dispute did not exist at that time. A current review reveals a lack of substantial ground for dispute, and Plaintiff presents none. Instead, Plaintiff relies on the difference between his view (that he exhausted his administrative remedies as to the underlying problems on some claims such that he should be allowed to proceed on all claims he raised in this action) and this Court's ruling dismissing his claim against Defendant Figueroa because of Plaintiff's failure to exhaust administrative remedies (since Plaintiff's inmate appeals failed to sufficiently put prison officials on notice of the problem -- unconstitutional retaliation by Defendant Figueroa). Plaintiff's arguments do not give rise to a substantial ground for dispute.

///

### 3. Material Advancement

A party seeking interlocutory certification must show that an immediate appeal may "materially advance," rather than impede or delay, ultimate termination of the litigation. In re Cement Antitrust Litig. (MDL No. 296), 673 F.2d at 1026. "When litigation will be conducted in substantially the same manner regardless of our decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." White, 43 F.3d at 378-379.

Plaintiff argues that a section 1292(b) appeal in his favor would materially advance this action since "other defendants are asserting the same facts over and over again." (Doc. 126, Pet to Cert. Appl, ¶ 10.) Plaintiff essentially argues that this Court's decision was incorrect and that the Ninth Circuit will rule in Plaintiff's favor to correct the error. Plaintiff fails to persuade this Court that a section 1292(b) appeal will materially advance this action; rather, a section 1292(b) appeal would increase chances of delay. There is no assurance that the Ninth Circuit would accept an appeal as, even if this Court were to certify the case for appeal, Plaintiff would still have "the burden of persuading the court of appeals that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Coopers & Lybrand, 437 U.S. 463, 475 (1978) *quoting* Fisons, Ltd. v. United States, 458 F.2d 1242, 1248 (7th Cir. 1972) *cert. denied*, 405 U.S. 1041 (1972). If the Ninth Circuit ruled against Plaintiff, there would most likely be a remand to this Court which would only have prolonged the action. An orderly appeal can be taken from an entered judgment.

Thus, this Court need not certify an interlocutory appeal for Plaintiff as he fails to present any issue that involves a controlling question of law which would not require the appellate court to delve beyond the surface of the record in order to determine the facts; he fails to show that there is substantial grounds for difference of opinion; and an immediate appeal will not materially advance the ultimate termination of the litigation.

### III. Entry of Final Judgment

#### A. Legal Standards and Analysis

Rule 54(b) of the Federal Rule of Civil Procedure ("Rule 54(b)") provides:

7

> **Judgment on Multiple Claims or Involving Multiple Parties**. When an action presents more than one claim for relief – whether as a claim, counterclaim, cross-claim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

The Supreme Court in <u>Curtiss-Wright Corp. v. General Electric Co.</u> held that in making a determination on a Rule 54(b) motion for entry of judgment,

> [a] district court must first determine that it is dealing with a "final judgment." It must be a "judgment" in the sense that it is a decision on a cognizable claim for relief, and it must be "final" in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action.
>
> Once having found finality, the district court must go on to determine whether there is any just reason for delay. . . . [A] district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals. It was therefore proper for the District Judge here to consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.

<u>Curtis Wright Corp. v. General Electric Co.</u>, 446 U.S. 1, 7-8 (1980) (internal quotations and citations omitted).

There exists "a long-settled and prudential policy against the scattershot disposition of litigation," and "entry of judgment under [Rule 54(b)] should not be indulged as a matter of routine or as a magnanimous accommodation to lawyers or litigants." <u>Spiegel v. Trustees of Tufts College</u>, 843 F.2d 38, 42 (9th Cir. 1988) (citations omitted). "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by the pressing needs of the litigants for an early and separate judgment as to some claims or parties." <u>Morrison-Knudsen Co., Inc. v. Archer</u>, 655 F.2d 962, 965 (9th Cir. 1981).

Under the first step of the analysis, the Court treats the dismissal of Defendant Figueroa for failure to exhaust administrative remedies as final. Plaintiff "has no way of curing the defect

found by the court: there is no indication he could begin a new administrative process in the prison." *See* Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Griffin v. Arpaio, 557 F.3d 1117 (9th Cir. 2009).

However, the Court is unable to make the determination that there is no just reason for delay that is required to enter judgment under Rule 54(b). Other Defendants have, and may once again, bring similar motions to dismiss for failure to exhaust administrative remedies on the claims against them – the very basis upon which Defendant Figueroa was dismissed. The Court is concerned about the possibility of piecemeal litigation. Further, the Court is not persuaded that there is any pressing need for an early, or separate, judgment regarding Defendant Figueroa. Dismissal of some, but not all, defendants pursuant to an unenumerated Rule 12(b) motion to dismiss for failure to exhaust administrative remedies is not at all uncommon, and Plaintiff has not set forth any reason that justifies the costs and risks of multiplying the number of proceedings in this case.

## IV. Conclusion and Order

Based on the foregoing, Plaintiff's "Petition for Permission to Appeal This Court's Order Adopting Magistrate's Findings on August 29, 2009 [Doc. 121] Dismissing Claims Against Defendant Figueroa Under FRAP Rule 5.1; 28 USC §§ 636, 1292(b)," filed on September 15, 2009 is DENIED both as an interlocutory appeal under 28 U.S.C. § 1292(b) and to the extent that Plaintiff seeks entry of partial judgment under Rule 54 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: __November 5, 2009__           __/s/ Oliver W. Wanger__
                                                                 UNITED STATES DISTRICT JUDGE