# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS A. HIGHTOWER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SCHWARZENEGGER, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:04-cv-06028-OWW-SKO (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Docs. 152, 155) |

I.  <u>Order</u>

　　A.　<u>Procedural History</u>

　　Plaintiff, Thomas A. Hightower ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on July 29, 2004.  (Doc. 1.)  February 24, 2006, the Court dismissed Plaintiff's Complaint, with leave to amend, for failure to comply with Federal Rule of Civil Procedure 8(a).  (Doc. 13.) Plaintiff filed the First Amended Complaint June 28, 2006.  (Doc. 21.)  March 8, 2007, the Court dismissed Plaintiff's First Amended Complaint, for failure to state cognizable claims, with leave to amend.  (Doc. 23.)  August 13, 2007, Plaintiff filed his

Second Amended Complaint. (Doc. 31.) March 19, 2008, Findings and Recommendations issued to dismiss uncognizable claims and to allow service on cognizable claims, which were adopted July 8, 2008. (Docs. 32, 38.) Defendant Figueroa filed a motion to dismiss under Fed. R. Civ. P. 12(b) and 12(b)(6), on which findings and recommendation to grant issued and were adopted. (Docs. 69, 116, 121.) Various other Defendants also filed motions to dismiss under Fed. R. Civ. P. 12(b) and 12(b)(6). (Docs. 75, 97.)

Near the end of 2009, the United States Supreme Court issued the decision in *Ashcroft v. Iqbal*, 129 U.S. 1937 (2009), which ushered in a change of pleading standards. *See Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009). Accordingly, this case was re-screened and Plaintiff was granted leave to file a third amended complaint in light of the changed pleading standards. (Doc. 123, 129.) After requesting and receiving multiple extensions of time, Plaintiff filed the Third Amended Complaint (Doc. 141) which was screened and upon which findings and recommendations (hereinafter "the Screening Findings and Recommendation") issued recommending that this action proceed only against Defendants J. Klarich, K. Nyguen, D. Deering, S. Wu, and A. Santa Cruz. (Doc. 144.) An order adopted the Screening Findings and Recommendation (hereinafter "the Order Adopting") issued November 2, 2010. (Doc. 148.)

B. **Plaintiff's Motion for Reconsideration**

December 13, 2010, Plaintiff filed an ex parte notification attaching his objections to the Screening Findings and Recommendation requesting that the Clerk of the Court note his

objections in the record and on the docket, and that he be forwarded a copy of the "Docket activity sheet," Local Rules, and "Judge's Rules." (Doc. 152, 155.)[1] Plaintiff's proof of service shows that he timely submitted his objections for mailing; however, for unknown reasons, the copy submitted December 13, 2010 is the first that Plaintiff's objections were received by this Court. Since Plaintiff's ex parte notification and objections were not received prior to issuance of the Order Adopting, they are construed as a request for reconsideration. Despite the passage of adequate time, Defendants have responded to neither Plaintiff's ex party notification nor his objections.

C. Standards for Reconsideration

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*

Motions to reconsider are committed to the discretion of the trial court. *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc*). To succeed, a party must set forth facts or law

---

[1] Though the ex parte application noted that the objections were an attachment thereto, the documents were separated and entered as two distinct documents, 152 and 155, on the CM/ECF Docket.

of a strongly convincing nature to induce the court to reverse its prior decision. *See e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988). The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" *Corex Corp. v. United States*, 638 F.2d 119 (9th Cir. 1981); *accord LaFarge Conseils et Etudes, S.A. v. Kaiser Cement*, 791 F.2d 1334, 1338 (9th Cir. 1986). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" *Id*. When filing a motion for reconsideration, Local Rule 230(j)(3) & (4) requires a party to show the "new or different facts or circumstances are claimed to exist which did not exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion."

Plaintiff explained that, though not received and docketed as such, he timely[2] served his objections to the Screening Findings and Recommendations. However, even if received and reviewed prior to adoption of the Screening Findings and Recommendation, they are insufficient to have caused a different result. Neither Plaintiff's ex parte request nor his objections show new or different facts or circumstances which did not exist and had not been previously presented and considered as of the time the Screening Findings and Recommendations were adopted, or

---

[2] When a pro se prisoner alleges that he timely complied with a procedural deadline by submitting a document to prison authorities, the district court must either accept that allegation as correct or make a factual finding to the contrary upon a sufficient evidentiary showing by the opposing party. *See Faile v. Upjohn Co.*, 988 F.2d 985, 989 (9th Cir. 1993).

4

extraordinary circumstances so as to justify the relief sought.

Plaintiff fails to present any arguments and/or authority to show error in either the Screening Findings and Recommendations or the adoption thereof. As to Plaintiff's request that a settlement conference be scheduled, due to limited judicial resources, cases are not set for settlement conference until both sides indicate a willingness to participate and that such efforts might be successful. This case is no different. Further, as long as Plaintiff's claims under 42 U.S.C. § 1983 survive, supplemental jurisdiction will be exercised over Plaintiff's pendent state law claims based thereon. If Plaintiff's claims under section 1983 are dismissed, his state law claims based thereon will also be dismissed. Finally, Plaintiff's disagreement with the analysis as to the sufficiency of his allegations to state cognizable retaliation claims against Dr. Nyguen and Dr. Wu also does not equate to extraordinary circumstances. Plaintiff fails to present any basis to justify reconsideration of the Order Adopting the Screening Findings and Recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Order Adopting the Screening Findings and Recommendation is found to be supported by the record and proper analysis.

Plaintiff ends his request with a sentence seeking copies of "a new Docket activity sheet," the Local Rules, and "Judge's Rules." (Doc. 155, 1:28-2:1.) Plaintiff is not entitled to

**unlimited access to the resources necessary to prepare optimal legal filings,** *see Lewis v. Casey*, **518 U.S. 343, 354-55 (1996), and the Court does not have sufficient resources to provide copies of legal materials to parties such that this request must be denied.**

    **Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed December 13, 2010 (Doc. 152, 155), is DENIED.**

IT IS SO ORDERED.

**Dated:  May 7, 2011**     /s/ Oliver W. Wanger
UNITED STATES DISTRICT JUDGE