# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS HIGHTOWER,<br><br>    Plaintiff,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER, et. al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:04-cv-06028-OWW-SKO (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR CLARIFICATION OF RIGHTS REGARDING "BAD FAITH" ON THE PART OF DEFENDANTS and PLAINTIFF'S MOTION FOR SUBSTITUTION OF PARTIES DECEASED<br><br>(Docs. 153, 154) |

## I. Procedural History

Plaintiff, Thomas A. Hightower ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 29, 2004. (Doc. 1.) On February 24, 2006, the Court dismissed Plaintiff's Complaint, with leave to amend, for failure to comply with Federal Rule of Civil Procedure 8(a). (Doc. 13.) Plaintiff filed a First Amended Complaint on June 28, 2006. (Doc. 21.) On March 8, 2007, the Court dismissed Plaintiff's First Amended Complaint, for failure to state cognizable claims, with leave to amend. (Doc. 23.)

On August 13, 2007, Plaintiff filed a Second Amended Complaint. (Doc. 31.) On March 19, 2008, the Court issued a Findings and Recommendations to dismiss non-cognizable claims and to allow service on cognizable claims, which was adopted on July 8, 2008. (Docs. 32, 38.)

Defendant Figueroa filed a motion to dismiss under Federal Rules of Civil Procedure[1] 12(b) and 12(b)(6), on which a Findings and Recommendations to grant issued and was adopted. (Docs. 69, 116, 121.) Other Defendants also filed motions to dismiss under Rules 12(b) and 12(b)(6). (Docs. 75, 97.)

Upon reviewing those motions, it was determined that Plaintiff's Second Amended Complaint should be re-screened in light of the new pleading standards set forth by the Supreme Court's opinion in Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009). *See* Moss v. U.S. Secret Service, 572 F.3d 962, 968-69 (9th Cir. 2009), *ref*. Iqbal; Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Second Amended Complaint was found to be replete with both general conclusions – which were insufficient to state cognizable claims in light of Iqbal – and multiple, unrelated claims in violation of Rule 18. Since it was possible that Plaintiff could amend to state factual allegations, without conclusions and unrelated claims, to correct the deficiencies in his pleading, the Second Amended Complaint was dismissed with leave to amend. (Docs. 123 and 129.)

After requesting and receiving extensions of time, Plaintiff filed the Third Amended Complaint in which he named Dr. Klarich, Dr. Nyguen, Dr. Deering, Dr. Wu, Capt. A. Santa Cruz, and then Governor Arnold Schwarzenegger as the only remaining Defendants in this action. (Doc. 141.) Upon recommendation subsequent to screening, it was ordered that this action proceed only on Plaintiff's claims against Defendants Dr. Klarich, Dr. Nyguen, Dr. Deering, Dr. Wu, and Capt. A. Santa Cruz under the Eight Amendment for deliberate indifference to his serious medical needs, and against Captain A. Santa Cruz for unconstitutional retaliation under the First Amendment. (Docs. 144, 148.) All other claims and Governor Schwarzenegger were dismissed with prejudice. (Id.)

Subsequently, Defendants Dr. Nyguen and Dr. Wu filed a motion to dismiss noting that Defendants Dr. Deering, Dr. Klarich, and Capt. Santa Cruz were deceased. (Doc. 151.) On December 13, 2010, Plaintiff filed a "Motion for Clarification of Rights Regarding 'Bad Faith'

---

[1] The Federal Rules of Civil Procedure will hereinafter be referred to as "Rule *." Any reference to other statutory authorities shall so indicate.

1 | on the Part of Defendants" (Doc. 153) and a "Motion for Substitution of Parties Deceased" (Doc.
2 | 154). Defendants did not file an opposition, or responsive documents. These motions are
3 | deemed submitted. Local Rule 230(l).

**II.   Discussion**

Plaintiff argues that Defendants, in their motion to dismiss (Doc. 151), brought up "for the first time" that Defendants Dr. Klarich, Dr. Deering , and Captain Santa Cruz are deceased. (Doc. 153, Mot. Re Bad Faith, 1:23-27.) Plaintiff seeks to have the parties compelled to attend a settlement conference (Doc. 153, Mot. Re Bad Faith, 3:4-7); a determination as to whether bad faith tactics were employed to conceal the deaths of Defendants Dr. Klarich, Dr. Deering, and Capt. Santa Cruz from Plaintiff (id., at 5:18-26); and to have the successors of Defendants Dr. Klarich, Dr. Deering, and Capt. Santa Cruz at California State Prison, Corcoran ("Corcoran II") substituted in place of the decedents (Doc. 154, Mot. For Sub.; Doc. 153, Mot. Re Bad Faith, 6:10-14).

**A.   Compelled Settlement Conference**

Plaintiff seeks to compel the parties to attend a settlement conference as he has offered to settle this case twice, but was rebuffed by Defendants both times. (Doc. 153, Mot. Re Bad Faith, 1:21-23 & 3:4-7.)

Plaintiff has made two overtures toward settlement of this action. (Docs. 134, 142.) Following each such request by Plaintiff, Defendants were ordered to advise the court whether they believed, in good faith, that settlement in this case was a possibility and whether they were interested in having a settlement conference scheduled. (Docs. 136, 149). Defendants declined on both occasions. (Docs. 137, 150.)

As indicated in each order inquiring as to Defendants' position regarding settlement possibilities, every reasonable attempt to secure a referral to a judge for a settlement conference would be made *only if both sides* of the matter indicated a desire to so proceed, but even then, there was no guarantee that a settlement conference would occur. (Docs. 136, 149). A settlement conference will not be scheduled unless and until both parties indicate that they desire to explore a settlement. No party can be forced to settle a case, and the Court will not expend its

limited resources on scheduling and conducting a settlement conference unless it has at least a chance of being fruitful. Accordingly, Plaintiff's request to compel the parties to attend a settlement conference in this action is denied.

**B.     Bad Faith**

Plaintiff seeks a determination as to whether bad faith tactics were employed to conceal the deaths of Defendants Dr. Klarich, Dr. Deering, and Capt. Santa Cruz ("the decedents"). (Doc. 153, Mot. Re Bad Faith, 5:18-26.) There is no evidence to suggest any bad faith regarding the information pertaining to their deaths.

Plaintiff argues that he had no notice that the decedents had passed away until the Defendants filed their motion to dismiss, which must have been a calculated concealment by Defendants. (Id., at 1:23-27.) However, the "Process Receipt and Return" forms, filed by the United States Marshall showing their efforts to serve Dr. Deering and Dr. Klarich noted both as being "deceased." (Docs. 44, 47.) Per standard service procedures, the third page, yellow triplicate, "Notice of Service Copy" was sent to Plaintiff when the first page, white triplicate, "Clerk of the Court" copy was sent to the Court for filing. The white triplicate copy of the unexecuted service of summons noting Dr. Klarich was "deceased" was filed and entered on the docket on August 28, 2008 (Doc. 44), and the same as to Dr. Deering was filed and entered on the docket on September 8, 2008 (Doc. 47). Accordingly, Plaintiff had notice of the deaths of Dr. Deering and Dr. Klarich by September of 2008.

Regarding Capt. Santa Cruz, the notice of suggestion of death, filed and entered on the docket on August 30, 2009, shows that defense counsel mailed it to Plaintiff that same day. (Doc. 120, Not. of Sug. Death, p. 3.) Accordingly, Plaintiff had notice of Capt. Santa Cruz's death by September of 2009. Further, defense counsel was under no obligation to take any actions regarding the deaths of Dr. Deering and/or Dr. Klarich as neither executed a waiver, or were personally served so as to require representation. None of these occurrences show any basis to find bad faith tactics were used to conceal the deaths of Dr. Deering, Dr. Klarich, and Capt. Santa Cruz from Plaintiff.

///

1 | Plaintiff also argues that the Court is responsible for his inattention regarding the death of these three defendants, stating that "the Court has not once alluded to any defendant being dead," or unserved and that, as a pro se litigant, he "must rely on this Court to set the pace of litigation, by issuing detailed orders to plaintiff as to what [sic] and under which standard of review each stage must proceed." (Doc. 153, Mot. Re Bad Faith, 2:16-20.) Since Plaintiff is an incarcerated pro se litigant, the Court is required at the pleading stage, where correctable deficiencies exist, to provide applicable standards and opportunity to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). District courts should also provide prisoner pro se litigants with notice of the requirements for opposing motions for summary judgment. Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988). However, "[d]istrict judges have no obligation to act as counsel or paralegal to pro se litigants," Pliler v. Ford, 542 U.S. 225, 231 (2004), and must refrain from issuing advisory opinions, *see* Flast v. Cohen, 392 U.S. 83, 96 (1968).

Accordingly, it is Plaintiff's duty to monitor and pursue this action. If he wishes to pursue his claims against the decedents, Plaintiff must move for substitution of proper parties and provide sufficient information to achieve service. Prior to the date that he filed the Third Amended Complaint, Plaintiff had notice for almost eighteen (18) months that both Dr. Deering and Dr. Klarich were deceased and approximately six months' notice that Capt. Santa Cruz was deceased. Simply put, Plaintiff has no one but himself to blame for his own belated epiphany that the decedents are not alive. The same holds true for any accompanying regrets by Plaintiff for having chosen to pursue claims against the decedents, rather than others, in the Third Amended Complaint.

### C. **Substitution of Proper Party**

Plaintiff seeks to have "the current Chief Medical Officer at Corcoran II" and "the current Corcoran II Correctional Captain" substituted into this action in place and instead of the decedents. (Doc. 154, Mot. For Sub.; Doc. 153, Mot. Re Bad Faith, 6:10-14.)

/ / /

Rule 25 provides:

**(a) Death.**
(1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party.
. . .

\*\*\*

**(d) Public Officers; Death or Separation from Office.** An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at anytime, but the absence of such an order does not affect the substitution.

A "proper party" under Rule 25(a)(1) is the legal representative of the deceased party; e.g., an executor of the deceased's will or an administrator of his or her estate. Mallonee v. Fahey, 200 F.2d 918, 919-920, & n. 3 (9th Cir. 1952). Thus, substitution of the decedents' successors at Corcoran II is not appropriate under Rule 25(a)(1).

Rule 25(d) only provides for substitution of a successor in office where the original defendant was sued in his official capacity. The Third Amended Complaint specifies that Plaintiff sued the decedents solely in their individual capacities (Doc. 141, 3AC, ¶¶ 7, 8) and seeks monetary damages against them[2] (id., at ¶ 89; Doc. 153, Mot. Re Bad Faith, 6:11-14). Plaintiff's specific, limited allegations and claims for monetary damages against the decedents confirm that his claims are based on actions taken in their individual capacities. *See* Ashker v. Cal. Dep't of Corr., 112 F.3d 392, 395, n. 3 (9th Cir. 1997) (for Eleventh Amendment immunity purposes, where Plaintiff sought money damages and alleged his claims were against defendants both in their individual and official capacities, it was concluded that they were sued in their individual capacities regardless of indemnification by the state for money damages sought); Shoshone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d 1278, 1284 (9th Cir. 1994) (money

---

[2] While Plaintiff did also request "declaratory relief"in the Third Amended Complaint (Doc. 141, 3rdAC, ¶ 89) Because Plaintiff's claims for damages necessarily entail a determination whether his rights were violated, his separate request for declaratory relief is subsumed by those claims. Rhodes v. Robinson, 408 F.3d 559, 565-66 n.8 (9th Cir. 2005) (quotation marks omitted).

6

damages are not available in official capacity suits). Accordingly, substitution of the decedents' successors is inappropriate under Rule 25(d).

As "the current Chief Medical Officer at Corcoran II" and "the current Corcoran II Correctional Captain" are not proper parties for substitution under Rule 25(a) and may not be substituted under the successor-official provision of Rule 25(d), and as Plaintiff points to no other authority under which substitution of these persons for the decedents would be appropriate, the Court denies Plaintiff's motion to substitute these persons in place and instead of the decedents. The denial of Plaintiff's motion is without prejudice to the filing a new substitution motion under Rule 25 seeking to substitute a proper party for each of the decedents.

Further, service has yet to be executed on either Dr. Deering or Dr. Klarich. (Docs. 44, 47.) Rule 4(m) provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (*quoting* Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (*quoting* Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

///

Neither the Court nor the Marshal has failed to effect its duties. Rather, Dr. Deering and Dr. Klarich have not been served since they are deceased and the proper parties have yet to be substituted in their stead.

Although Plaintiff may seek to substitute the proper party for each of the decedents, it is Plaintiff's responsibility to identify the proper party, make the substitution, and provide sufficient information for the Marshal to locate those parties for service. Neither the Court nor the Marshal may conduct an investigation on Plaintiff's behalf to determine this information. In light of the deaths of Dr. Deering, Dr. Klarich, and Capt. Santa Cruz, the Court will allow Plaintiff with an opportunity to substitute the proper parties and provide proper addresses for service. If Plaintiff fails to make the proper substitution and provide current addresses for service within forty-five (45) days of the date of this order, Dr. Deering, Dr. Klarich, and Capt. Santa Cruz will be dismissed from this action.

### III. Conclusion

Accordingly, based on the foregoing, IT IS HEREBY ORDERED:

(1) Plaintiff's request to compel the parties to attend a settlement conference in this action, as raised in his "Motion for Clarification of Rights Regarding 'Bad Faith' on the Part of Defendants," filed December 13, 2010 (Doc. 153), is DENIED;

(2) Plaintiff's request that Defendants be found to have concealed the deaths of Dr. Klarich, Dr. Deering, and Capt. Santa Cruz in bad faith, as raised in his "Motion for Clarification of Rights Regarding 'Bad Faith' on the Part of Defendants," filed December 13, 2010 (Doc. 153), is DENIED;

(3) Plaintiff's motion to have the successors of Dr. Klarich, Dr. Deering, and Capt. Santa Cruz at Corcoran II substituted in their stead, as raised in his "Motion for Substitution of Parties Deceased," filed December 13, 2010 (Doc. 154), is DENIED; and

(4) Within forty-five (45) days of the date of service of this order, Plaintiff shall make the proper substitution and provide current addresses for service of the proper parties in place and instead of Defendants Dr. Deering, Dr. Klarich, and

Capt. Santa Cruz. If Plaintiff fails to do so, Defendants Dr. Deering, Dr. Klarich, and Capt. Santa Cruz will be dismissed from this action.

IT IS SO ORDERED.

**Dated:**    **July 11, 2011**            **/s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE